# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER CROOM,**

    **Plaintiff,**

vs.                                             Case No. 17–cv–633–DRH

**UNKNOWN PARTY**

    **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Christopher Croom brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that allegedly occurred in Menard Correctional Center. Plaintiff seeks declaratory relief, monetary damages, and injunctive relief. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action will be dismissed without prejudice with leave to file an amended complaint.

## **The Complaint**

Previously, plaintiff brought this claim in case No. 17-612. This claim was deemed severable pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007) and this action was opened on June 14, 2017. (Doc. 1).

As pertinent to this claim, plaintiff alleges that he has an enemy at Menard who is incarcerated for murdering plaintiff's best friend. (Doc. 2, p. 13). Plaintiff himself is incarcerated for allegedly murdering an associate of the enemy. *Id.* The enemy has threated plaintiff. *Id.* Plaintiff fears for his life and believes that something will happen when he sees his enemy. *Id.* He has alleged that Menard is

2

deliberately indifferent to the fact of his enemy. *Id.* The copy of the grievance attached as "Doc. 7" states that plaintiff's enemy is Marlon Brown and he is currently housed in the West House at Menard. (Doc. 2, p. 29).

Plaintiff has also requested injunctive relief on this claim. (Doc. 2, p. 15). Specifically, he requests to be "transferred to an institution where my life is not in danger from a murderer." *Id.*

## **Discussion**

The order dividing plaintiff's claims into separate cases designated 1 claim for this case:

> **Count 11** – Plaintiff was not given adequate protection in violation of the Eighth Amendment when an enemy of his came to Menard and prison officials refused to transfer him out of Menard.

Unfortunately, plaintiff has not associated any defendants with this claim,[1] and so it must be dismissed at this time. The complaint says only that "Menard" was deliberately indifferent to the risk presented by his enemy. First of all, Plaintiff did not list "Menard" among the defendants in the Complaint. Fed. R. Civ. P. 10. That alone would be sufficient to establish that Menard is not a proper defendant. However, even if Menard were listed in the caption, it would be insufficient. Menard is a division of the Illinois Department of Corrections, and as

---

[1] The CM/ECF system requires the Court to open court cases with a plaintiff and defendant, and so this case was opened with "unknown party" listed as defendant. As stated above, this "case" was created by Court order pursuant to the *George* case and so the plaintiff and defendant were designated by the Clerk of Court's office as determined from a reading of the complaint which did not directly name a person associated with the allegation in this action.

such, is not a "person" for the purposes of § 1983 and cannot be subject to suit. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)

Even if plaintiff had named a person, such as the prison warden, as a defendant, he would have fared no better. There is no supervisory liability in a § 1983 action; thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Plaintiff has not alleged that anyone at this time was personally involved in the situation he complains about.

In order to succeed on a claim for failure to protect, a plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, defendants had to know that there was a substantial risk that those who attacked the plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)). Thus, in order to show personal

involvement, plaintiff must allege that a specific person was deliberately indifferent to the threat posed by Brown. Moreover, plaintiff has only vaguely alleged the danger he is in by stating he has received threats and then asking for relief against constant threats. In order to establish deliberate indifference to protect from danger rising to a deprivation of his constitutional rights, plaintiff must plead and prove that a defendant knew of a risk of serious harm and exposed Plaintiff to that risk anyway. *Wright v. Miller*, 561 F. App'x 551, 555 (7th Cir. 2014) (reversing summary judgment where counselor agreed that plaintiff's former gang would "stab up his ass" but denied protective custody regardless). The defendant's knowledge must be specifically pled. *See Weiss v. Cooley*, 230 F.3d 1027, 1033 (7th Cir. 2000). Plaintiff, accordingly, should be able to allege, in good faith, the exact nature of those threats and to whom he has complained about the threats.

Plaintiff has not pleaded any facts that make it plausible that any person, much less any of the originally named defendants (none of whom were transferred into this case), was deliberately indifferent to the serious risk of harm allegedly posed by inmate Brown. Plaintiff must specifically plead personal involvement. Count 11 as currently written fails to state a claim upon which relief can be granted because there is no proper object for that relief. If plaintiff has taken his problem to the correct officer or officers in an effort to receive protection from the threats he alleges, he should know the names of those persons and should be able to specify who has failed to act. As he has not named or otherwise identified any

5

defendant associated with Count 11, the Court will dismiss this claim at this time. Plaintiff may file an amended complaint remedying this problem. Should plaintiff take the Court up on its invitation to amend the complaint, plaintiff should also consider filing a separate motion regarding his request for injunctive relief.

The Court also notes, that as to plaintiff's request for injunctive relief, that under the doctrine of *Ex parte Young*, a plaintiff may file "suit[ ] against state *officials* seeking prospective equitable relief for ongoing violations of federal law . . . ." *Marie O. v. Edgar,* 131 F.3d 610, 615 (7th Cir. 1997) (emphasis added); *see Ex parte Young,* 209 U.S. 123, 159-60 (1908); *Ind. Prot. and Advocacy Servs. v. Ind. Family and Soc. Servs. Admin.*, 603 F.3d 365, 371 (7th Cir. 2010). Plaintiff's complaint, however, fails to name any individual state officials against whom such injunctive relief may be considered.

## Disposition

**IT IS HEREBY ORDERED** that the complaint is **DISMISSED without prejudice** for failure to state a claim.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, plaintiff shall file his first amended complaint, identifying any defendants involved in the conduct he complains of, within 28 days of the entry of this Order. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal

amendments to the original complaint. Thus, the first amended complaint must stand on its own, without reference to any other pleading. Should the first amended complaint not conform to these requirements, it shall be stricken. plaintiff must also re-file any exhibits he wishes the Court to consider along with the first amended complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the amended complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any defendant until after the Court completes its § 1915A review of the first amended complaint.

In order to assist plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: June 16, 2017**

Digitally signed by
Judge David R. Herndon
Date: 2017.06.16
16:25:56 -05'00'

**United States District Judge**