# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER CROOM,**

    **Plaintiff,**

vs.                                      Case No. 17–cv–633–DRH

**JACQUELINE LASHBROOK, and**
**RODELY**

    **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Christopher Croom brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that allegedly occurred at Menard Correctional Center. Plaintiff seeks declarative relief, monetary damages, and injunctive relief. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Amended Complaint**

Previously, plaintiff brought this claim in case No. 17-612 on June 9, 2017. (Doc. 1). This claim was deemed severable pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007) and this action was opened on June 14, 2017. (Doc. 1). The Court dismissed the complaint without prejudice on June 19, 2017 for failure to state a claim because plaintiff had not associated any defendants with his claim. (Doc. 5). Plaintiff filed an amended complaint on June 29, 2017. (Doc. 10).

Pursuant to the amended complaint, plaintiff alleges that he sent a grievance to Counselor Rodely on March 14, 2017 regarding an enemy of his that is also housed at Menard. (Doc. 10, p. 5). Plaintiff alleges that Marlon Brown was an enemy of his on the streets. *Id.* One day at legal call, plaintiff saw an

2

inmate housed in West Cell house with Brown. *Id.* That inmate told plaintiff that Brown knew plaintiff was at Menard and would "catch [him] in traffic." *Id.* Plaintiff interprets this as a statement that Brown will get him when he sees him. *Id.* Plaintiff sent a grievance to Rodely and marked it as an emergency. *Id.* Plaintiff's understanding is that emergency grievances are sent directly to the Warden, so he assumes Warden Lashbrook saw the grievance. (Doc. 10, p. 6). Plaintiff never received a response to his grievance from either Rodely or Lashbrook. *Id.*

Plaintiff has also requested injunctive relief on this claim. (Doc. 11). Specifically, he requests "transfer of Plaintiff from this institution to be away from a constant threat of danger from a murderer." (Doc. 10, p. 8).

## Discussion

The Court finds it convenient to construe plaintiff's claim as one count. The parties and the Court will use this designation in all future Orders:

> **Count 1** – Rodely and Lashbrook were deliberately indifferent to the serious risk of harm posed by plaintiff's enemy, Marlon Brown, when they failed to respond to his emergency grievance regarding Brown.

In order to succeed on a claim for failure to protect, a plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wright v. Miller*, 561 F. App'x 551, 555 (7th Cir. 2014); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). A

plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Here, plaintiff has alleged that he communicated the threat posed by Brown to his counselor Rodely and to Warden Lashbrook through the grievance process. He further alleges that no one has responded to his grievance or addressed the threat. As a result, plaintiff is afraid that Brown will attack him when they see each other because nothing has been done to prevent it. On these facts, it is plausible that defendants are deliberately indifferent to the threat posed by Brown, and so **Count 1** will proceed against them.

The Court notes that it is permitting the claim against Lashbrook to proceed under a theory of personal involvement. As the Seventh Circuit has made clear, when an official is alerted to an excessive risk to inmate health or safety through a prisoner's grievances, refusal to exercise the authority of his or her office may demonstrate deliberate indifference. *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). However, plaintiff's amended complaint also states that Lashbrook is "legally responsible for the operation of Menard Correctional Center and for the welfare of all inmates of that prison," (Doc. 10, p. 1), and "gross[ly] negligent in managing subordinates." (Doc. 10, p. 6). This is a theory of

respondeat superior liability, i.e. plaintiff is alleging that since Lashbrook supervises the activities of Menard, she is responsible for all that goes on there. Plaintiff cannot bring claims based on a theory of respondeat superior in a lawsuit premised on § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). To the extent that plaintiff is raising respondeat superior claims, those claims are dismissed with prejudice and this case will proceed against Lashbrook based on her alleged personal involvement only.

The Court also notes, that as to plaintiff's request for injunctive relief, under the doctrine of *Ex parte Young*, a plaintiff may file "suit[ ] against state *officials* seeking prospective equitable relief for ongoing violations of federal law . . . ." *Marie O. v. Edgar,* 131 F.3d 610, 615 (7th Cir. 1997) (emphasis added); *see Ex parte Young,* 209 U.S. 123, 159-60 (1908); *Ind. Prot. and Advocacy Servs. v. Ind. Family and Soc. Servs. Admin.*, 603 F.3d 365, 371 (7th Cir. 2010). Plaintiff has requested transfer to another institution and has also claimed that this is the only relief that will protect him. Currently, neither of the named defendants has the authority to unilaterally transfer plaintiff to another institution, although Lashbrook would certainly be involved in that process. In order to ensure the availability of injunctive relief the Court will add John Baldwin, in his official

capacity as the Acting Director of the Illinois Department of Corrections, as a defendant in this case for the purposes of injunctive relief only. At this time, the amended complaint does not contain any claims against Baldwin in his individual capacity.

### **Pending Motions**

Plaintiff filed a motion for a preliminary injunction on June 29, 2017. That Motion is referred to a United States Magistrate Judge for immediate disposition. (Doc. 11).

### **Disposition**

**IT IS ORDERED** that **Count 1** survives threshold review against Rodely and Lashbrook. The Clerk of Court is **DIRECTED** to add John Baldwin to docket in his official capacity only as the Director of the IDOC for the purposes of injunctive relief.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for defendants Rodely, Lashbrook, and Baldwin: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service

on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 30, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.06.30 14:57:06 -05'00'

**United States District Judge**